By the act of 1813, N. R., 1274, the parties in a suit may remove it, by consent; and should the word "suit" *Page 240 
embrace criminal prosecutions for capital offenses, a removal, by consent of the owner or counsel of a slave, or the consent of both, is neither within the words or spirit of the act, for they are not parties. But it is inferred that, as a cause may be removed upon the affidavit of the owner or counsel, it may be removed by their consent. I think such inference is incorrect. The object of the law is to obtain an impartial trial, and when it is made to appear to the court that in all probability such object is unlikely to be obtained in the court where the cause is pending, the court is directed to remove it; and it is a matter of not much moment from what source the information comes. It is the act of the court upon such information. The court perceives, if the fact be true, that the purposes of justice will be forwarded by a removal; and, therefore, in conformity to the purposes before mentioned, the Legislature gave to the owner or counsel the power of showing on oath the facts upon which the court acts. But, whether the purposes aforesaid will be answered when the owner or counsel consents to the removal, do not appear. What are the reasons for such assent need not be stated. There may be none, and therefore it would be better, perhaps, for the slave to be tried in the county where the offense is alleged to have been committed. The character, both of the accused and witnesses, would be better known, or the motive may be to obtain an unfair trial; and it is no answer to say that the counsel or owner might obtain the same thing upon their affidavits. It is true they may, but in so doing they must commit a perjury, and every power or privilege may be abused. I therefore think that the cause (446) was never properly in Chowan Court, and that the trial there was a perfect nullity. Judgment of death pronounced by that court must therefore be reversed. The court of Washington will proceed to the trial, as if no such proceedings had ever been, as have taken place in Chowan. This view of the case renders it not absolutely necessary to express an opinion on that part of the case which respects the declarations of John Skinner being given in evidence to the jury. But perhaps it will prevent another appeal to this Court, shortly to state the reasons why we think they ought not to have been received, as possibly our silence on the subject may be construed into an approbation. The rule has never been carried further than this, that when a common design is proven, the act of one in furtherance of that design is evidence against his associates; it is in some measure the act of all; but thedeclarations of one of the parties can be received only against himself. As to the dying declarations of the deceased, I concur in the opinion of the Chief Justice.